Good morning, your honors. Good morning. May it please the court, my name is Katherine Mahoney, student counsel for the petitioner Ms. Lita Odeth Hernandez Velasquez. Before I begin, I would like to reserve two minutes of my time for rebuttal. Yes, you should try to keep track of your own time. Yes. Thank you. We're not too rigid anyway. Thanks. This case is about the Board of Immigration Appeals attempt to circumvent well-settled principles of notice and explanation. The board's cursory denial of Ms. Hernandez's motion to reopen was arbitrary, capricious, and contrary to law. Ms. Hernandez respectfully requests that this court grant the petition for review and remand to the board for two reasons. First, the board abused its discretion when it failed to consider the evidence before it, which suggested administrative error. And The board does not have discretion to avoid its own regulatory obligations. At issue here is 8 Code of Federal Regulations, section 1003.1, subsection F, which requires the board to serve written notice of its decisions upon affected parties in person or by mail. Although the board is entitled to a presumption that it complied with this notice obligation, that presumption has always been treated as rebuttable. In Singh v. Gonzalez, this court held that whereas here a petitioner presents evidence suggesting that the board failed to comply with its notice requirements, the board is at a minimum required to show that it has considered the weight and consequences of the evidence and provide a reasoned explanation for its decision. Here Ms. Hernandez presented two pieces of evidence in support of her motion to reopen, which should have triggered a more searching review by the board. First, she submitted an affidavit stating that she had never received notice of the board's October 21st, 2005 decision until nearly a year later when she called the immigration information phone number. Moreover, she further stated in the affidavit that she had submitted a change of address form, which she also attached to the motion. Counsel, I'm a little confused by what it was that she submitted. In her affidavit, she said that I never received any letter. I mailed a change of address form to the immigration court when I moved. She attached two things. One of those is a change of address form that was dated contemporaneous with the affidavit, which clearly would not have helped her in any way, except to give her notice in the future. And the second is one that purported to have been filed in August, on August 17th of 2005. Up in the upper right-hand corner, this is on page 11 of the administrative record, it's handwritten the word copy, and it's circled. I don't know who's writing that is. Is this a, is this something that she filled out in 2006 to say, this is what I filled out in 2005, or does this, is this a copy of what she says she sent in 2005? The record reflects, Your Honor, that it is a copy of the document that she sent on August 17th, 2005. Importantly, the board didn't make any findings as to the credibility of the evidence or when they believed that the, that this form had actually been filled out. So as far as the record reflects, it is a copy of the document that she sent on August 17th, 2005. Now, the board's decision doesn't acknowledge that specific document at all, and it does not consider the weight and consequences of that evidence in light of the presumption of proper mailing, especially given the fact that this court has recognized that as little as a single, specific, factualized assertion of non-receipt can be sufficient to burst the bubble of the presumption of proper mailing. The board was at a minimum required to conduct a more searching review of these two pieces of evidence and explain to Ms. Hernandez and to this court what conclusions it came to as to their weight, their weight in light of the presumption that was rebuttable. This brings me to my second point, which is that the board's decision, aside from failing to consider all the evidence, also was an abuse of discretion because it failed to comply with this court's requirement that the board provide a reasoned explanation for its decisions. In Kaloubi v. Ashcroft in 2004, this court required that the board demonstrate that it has heard, considered, and decided the issue. Similarly, in Narayan v. INS, this court required that the board provide specific and cogent reasons for a grant or denial. Although the board's decision here was longer than the decision in Singh, it is not more substantial. It does not demonstrate to this court what legal standard, if any, the board applied when considering the evidence. It does not demonstrate to this court that the board treated the presumption of proper mailing as a rebuttable one, and it does not explain how the court analyzed the two pieces of evidence or provide an explanation as to how it came to the conclusion that the board had committed no error on its own part. Without this kind of explanation, this court has no meaningful standard by which to determine the nature of the board's decision, particularly in the context of immigration proceedings, the explanatory requirement is heightened. For example, here, Ms. Hernandez faces removal from the United States, where she has lived for over 20 years, and her four United States citizen children and her lawful permanent resident father face significant hardship if she is removed. Although Ms. Hernandez is not guaranteed relief from removal, in this context, she is guaranteed she is guaranteed an assurance that the board has dealt with her case in an unbiased and procedurally sound manner. When the board issues a cursory and cryptic decision like the one before us, this court, nor Ms. Hernandez, has any way of ensuring that the board has done so. One final note, Your Honors. The government errs in asserting that this court lacks jurisdiction to review this case because the decision was pursuant to the board's sua sponte authority. Importantly, this case is not about the board's sua sponte authority, but is about a preliminary inquiry that was triggered when Ms. Hernandez presented evidence suggesting that the board had failed to comply with its notice obligations. This case is readily distinguishable from McKimian v. INS, upon which the government relies for this jurisdictional argument. In that case, the petitioner had presented, had filed an untimely motion to reopen, accompanied by evidence which was relevant to the merits of the underlying claim for relief. That case did fall squarely within the board's unfettered discretion, and the jurisdiction of this court was improper. However, in this case, the evidence presented, as in Singh, suggested that the board failed to comply with its notice obligations. Because the board does not have discretion not to comply with these obligations, this case falls outside of the board's unfettered discretion. Moreover, this court has consistently found jurisdiction in cases like Singh and like this case. After Singh, this court also took jurisdiction over a similar case in Cabrera-Monserrat v. Holder and Zongli v. Holder. The board should not be allowed to shield its own administrative error behind its discretionary authority. And Ms. Hernandez again requests that this court grant the petition and remand to the board to provide a better explanation. I would like to reserve the remainder of my time for rebuttal. Good morning, Your Honor. Stacey Paddock for the respondent attorney general. It is the government's position that the court does lack jurisdiction over this case because motions like those filed by petitioner asking the board to reissue a decision are committed to the unfettered discretion of the agency. In Achimian as well as other cases, recently Achimian affirmed in Zatino But isn't this distinguishable from Zatino in that the court was concerned that it had no standard in the case law to determine whether there was an abuse of the discretion. By contrast, doesn't Singh give us the substantive standard to see whether there was an abuse of discretion? Your Honor, this is different and more akin to Singh. And I believe what this court did in Singh was they looked beyond whether the court lacked jurisdiction by virtue of the fact that it appeared to be a due process violation. The court has de novo review to consider whether it has jurisdiction as well as whether there is a due process violation. And that's in Singh, you know, the court doesn't say explicitly in Singh anything about its jurisdiction. But as it played out in Singh, I believe it is under the de novo review ability that they looked at was this a due process violation. And this case is distinguishable from Singh. If you look on, pardon me, at 1173 in Singh, it sets forth what the board actually stated in its decision. And that was a cursory decision. It basically said the respondent has filed a motion to reissue. The motion is denied as the record reflects that the decision was mailed to the respondent's attorney of record. That's very different than what we have here. Because with the motion to reissue in Singh, you had an affidavit by petitioner as well as an affidavit by the attorney. The board's decision and whether it was cursory is what you were saying, or whether it dealt properly with the question. What about the board's decision here deals properly with the question and meets the requirements of Singh? This does meet the requirements of Singh. I believe it's page three of the record. Unfortunately, I don't have my numbered copy in front of me. I don't either. Okay. Is that the one of November 21st? Yes, Your Honor, Judge Reinhart. It is November 21st. Right, thank you. Okay, thank you. On page two of the record, this decision does meet the due process standards for review. It says here, first, they're construing this as a motion to reissue. Second, the motion was denied because the board mailed it to the address provided by the respondent in the record. Then the board does specifically address what is alleged in the declaration as well as the evidence submitted by a respondent. The declaration merely states I didn't get notice of the decision. I called the 800 number and attached, please review the change of address form that I submitted. Or as Judge Bybee raised the question, perhaps it's a, she hand wrote what she remembered submitting back in 2000. But isn't that question critical? If this is, excuse me, if this is a, if this is a copy of what she submitted to the board and mailed to the board, then the board, then she gets, she ought to get the presumption of the mailbox rule as well. That is, if she's mailed it, if she's mailed it timely, then we presume that the board received it and it appears that it didn't process it properly. If it didn't mail it to the correct address, then she's been denied due process of law. Correct, I agree with you, Judge Bybee, that yes, the board had a duty to look to see if it was in the file, which it said it's not in the record. But petitioner also has a presumption, a presumption as far as rebutting, pardon me. Petitioner had to rebut the presumption of proper mailing. She could have done that in addition to filing. Well, first there are two separate questions. First is whether the petitioner's mailing was received. And second is whether the board's mailing was received. So as the petitioner said that she mailed it, and she had the presumption. What is their, how do they explain what they did and what their reason was for taking the position that she didn't, that it was not received? The board's position, in its decision, it states that there's no evidence to corroborate her claim of improper service. Historically, when the board mails something to petitioner. I was just asking about whether the board received her mailing and why they overcome the presumption that she mailed it. Well, the board says that there's no evidence that it was returned to them. There is a presumption that if the government has the notice in there that it did mail it to the address of record. But that's different, because that's the board saying, we sent it to your old address, and it didn't come back to us as undeliverable. Okay, great. So she didn't have a forwarding order on hand. The current occupant of the apartment threw it away, okay? And that doesn't help her, and it doesn't really satisfy the board's interest in having her properly informed of its decision. I understand Judge Reinhart's question, which I think is similar to my question is. She has presented some evidence that she mailed, in a timely fashion, a change of address form to the board saying, don't mail it to my old apartment. I'm in a new apartment now. And she gets the presumption, if she's actually sent it to them, she gets the benefit of the mailbox rule just like the government does. And the board doesn't seem to deal with that. The board said there is no evidence to corroborate this claim. That's not true. She filed an affidavit. She attached what purported to be a copy. And the board simply hasn't dealt with it. It could have said, we've examined this. We don't believe this is a proper photostatic copy. Okay, so the court's question is, or it relates to the board. Did the board provide her and you in this decision enough information that you're confident that they investigated her claim? Exactly. Okay. And that they set forth their reasons for it. That A, it considered the affidavits, what process it would have followed, assuming the affidavits were sufficient. I mean, what did the board say about her affidavit? That she had mailed them the correct address? The board did not specifically quote her affidavit in this decision. But the language- Why did they disbelieve it? What does it tell us about, in the decision? What does it say about the presumption that she gets? It doesn't specifically state anything about the presumption she gets. You know, to say it doesn't specifically, that's always troublesome. That means it doesn't say it. It doesn't, Your Honor. Judge Reiner, it doesn't state anything about her presumption. However, this case, the government believes that this case is different than Singh, as far as, there were two affidavits from two different addresses. In Singh, here we don't have a good and reliable copy of something that appears to have been- But counsel, that's not, that's your, that's your declaration. That's not the board's words. Wouldn't it be helpful to your position if the board said, I don't believe this, this copy, it looks strange, I'm giving it no weight. It would be extremely helpful to the board's position, Your Honor. Very helpful. But the point is, they did not evaluate that evidence. Correct. Well, not that I'm not conceding that there was no evaluation. They didn't articulate it in the decision. Not expressly conceding. No, Your Honor, not conceding at all. But they didn't expressly state anything about the presumption in this. For, I cannot give you the reasons why. However- Problem. Well, all right. But it just, you know, had, petitioner could have met her burden to cooperate in other ways by getting a FOIA request to DHS to prove- No question, she could have done more. The board could have done more here. Should I, I have a minute left. Can I continue with the other arguments quickly, or have you heard enough? Well, it's your option. I think you've probably heard enough. All right, Your Honor. Well, it is the government's position that the court lacks jurisdiction because it does not appear to be a due process violation. The board did address the affidavit that was filed, did address the change of address form, unlike in Singh, where there was no discussion at all. So there was review of both of those in this case. So the government would ask the court to dismiss. However, if the court does determine there is jurisdiction, the government would also argue that it did not abuse its discretion. Thank you, Your Honor. Just a few brief points, Your Honors. First- Slight advice, only address the ones that you think are necessary to address after considering what's already been said. Of course, Your Honors. I guess I'll just focus on Your Honor's concern that the government's arguments about the credibility of the change of address form are problematic. The board's decision only states that there is no evidence in the record to corroborate Ms. Hernandez's claims. Importantly, if there was an error of omission on the part of the board, obviously there would be no evidence in the board's previously existing record. In Singh, this court specifically noted that the only evidence a petitioner would have as to her own, is knowledge of her own receipt or non-receipt of a decision. And treating uncorroborated evidence in such a cursory manner would be equivalent to treating the presumption of proper mailing as irrebuttable. Moreover, the distinction here that opposing counsel has made between Singh and this case based on the lack of an additional affidavit of counsel, which is lacking here, would be equivalent to punishing the petitioner for acting pro se, which this court has never done. Thank you. Thank you, counsel. Thank you both very much. A case just argued will be submitted.
judges: Selna, Reinhardt, Bybee